**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES WILKINS,**

    **Plaintiff,**

**vs.**                                                 **Case No. 4:12cv145-RH/CAS**

**DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, submitted a complaint, doc. 2, a civil cover sheet, doc. 3, an *in forma pauperis* motion, doc. 4, and pursuant to this Court's order, doc. 6, and amended *in forma pauperis* motion supported by a financial affidavit. Doc. 7. For the limited purpose of dismissal, the amended motion for *in forma pauperis* status has been granted by separate order entered this day.

Plaintiff's complaint asserts a claim against Deutsche Bank National Trust Company, as trustee for Morgan Stanley Loan Trust, Mortgage Electronic Registration Systems, Inc., and the Law Offices of David J. Stern, P.A. Doc. 1. Plaintiff alleges as "background" facts that Defendants instituted a foreclosure action against Plaintiff on

August 27, 2007.  *Id.*, at 4.  On June 10, 2009, the state court entered a summary final judgment in foreclosure against Plaintiff and the home was ultimately sold to Deutsche bank for $100.00 on January 5, 2012.  *Id.*  Plaintiff sought injunctive relief from the state court in January, but was denied relief on January 23, 2012.  *Id.*  Plaintiff then filed a motion for mandatory mediation which was denied on February 3, 2012.  *Id.*, at 5.  Plaintiff sought to file a notice of appeal on February 14, 2012, but the appeal was dismissed on March 20, 2012.  *Id.*

Plaintiff filed this action in this Court on April 3, 2012, alleging a violation of 28 U.S.C. § 1038(b) for "false information and hoaxes."  Doc. 2, at 5.  Plaintiff contends that the Defendants "engaged in a systematic pattern to deceive and undermine the foreclosure court by submitting false information under a hoax to ascertain a judgment in foreclosure."  *Id.*, at 7.  Plaintiff submits that the Defendants "submitted false information and hoaxes to the foreclosure court in this case in efforts to foreclose on Plaintiff."  *Id.*  Plaintiff claims the Defendant produced false information that it owned the note and mortgage, had physical possession of such, and then lost the note and mortgage.  *Id.*

Attached to the complaint is a copy of the complaint to foreclose mortgage, filed in the Second Judicial Circuit, in and for Leon County, Florida.  Doc. 2-1.  As relevant to Plaintiff's instant complaint, the foreclosure complaint alleged that the plaintiff (Deutsche Bank) "was in possession of the Note and Mortgage and was entitled to enforce them when the loss of possession occurred;" that the "loss of possession was not the result of a transfer by Plaintiff or lawful seizure;" and that Deutsche Bank "cannot reasonably

obtain possession of the Note and Mortgage because their whereabouts cannot be determined." Doc. 2-1, at 5.

**Analysis**

Plaintiff cannot state a claim upon which relief may be granted in this case as the only basis for Plaintiff's claim is premised on a violation of 18 U.S.C. § 1038(b). Title 18 provides for crimes and criminal procedure and specifically, § 1038(a) makes it a crime to engage in conduct with the "intent to convey false or misleading information . . . ." 28 U.S.C. § 1038(a). Section 1038(b) provides for liability "in a civil action to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses." 18 U.S.C. § 1038(b). In full, the statute provides:

> Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title, section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 46505 (b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49 is liable in a civil action to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses.

18 U.S.C. § 1038(b). Thus, to seek damages in civil action, the conduct must constitute a violation of Chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title, which are, respectively, 18 U.S.C.A. § 31, *et seq.* (Aircraft and motor vehicles, Chapter 2), 18 U.S.C.A. § 175, *et seq.* (Biological weapons, Chapter 10), 18 U.S.C.A. § 229, *et seq.* (Chemical weapons, chapter 11B), 18 U.S.C.A. § 831, *et seq.* (Explosives and combustibles, Chapter 39), 18 U.S.C.A. § 841, *et seq.* (Importation, manufacture, distribution and storage of explosive materials, Chapter 40), 18 U.S.C.A. § 921, *et seq.*

(Firearms, Chapter 44), 18 U.S.C.A. § 2271, *et seq.* (Shipping, Chapter 111), or 18 U.S.C.A. § 2331, *et seq.* (Terrorism, Chapter 113B).  Section 1038 "was designed to deal with criminal or terrorist hoaxes, and not with the issue asserted by Plaintiff." Manuel v. United States, 78 Fed.Cl. 31, 35 (Fed. Cl. 2007), *citing* United States v. Davila, 461 F.3d 298, 304 (2d. Cir. 2006) (finding that Congress, in passing Section 1038, sought to address potential limitations in the existing law with respect to criminal hoaxes and terrorist threats); United States v. Evans, 478 F.3d 1332, 1344 (11th Cir. 2007) (referencing § 1038 as a criminal statute designed to prosecute those criminal and terrorist threats such as "sending an anthrax hoax letter.").  While § 1038(b) does provide for a civil remedy, it must necessarily be related to criminal activity as listed within the statute.  Manuel, 78 Fed.Cl. at 35.  On its face, there is nothing within § 1038(b) which references criminal activity related to a home foreclosure.  Plaintiff fails to state a claim upon which relief may be granted.

      Furthermore, Plaintiff's complaint fails to comply with Rule 9 which states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b).  It is unknown from Plaintiff's allegations *which* act or statement of the Defendants is false: that it owned the note and mortgage, that it had physical possession, or that the note and mortgage was lost. Plaintiff does not clearly allege that Deutsche Bank was not entitled to enforce the note, and the complaint for foreclosure stated that a copy of the mortgage was attached as exhibit A as was "recorded on May 3, 2006 in Official records Book 3498 at page 1787 . . . ."  Doc. 2-1, at 5.  Plaintiff's complaint is, therefore, also deficient pursuant to Rule

9(b) because it is not known what hoax was being carried out or what information was false.

Finally, Plaintiff may not seek to overturn a decision relating to the foreclosure of his home in this Court.  The home foreclosure order was entered in state court and Plaintiff may appeal that proceeding in the state courts of Florida.  However, Plaintiff may not seek appellate review of the decision of a state court in this Court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 2, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on April 30, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**